IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-155-BO

| | |
|---|---|
| JOHANNON SMYLA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 25, 31]. A hearing was held in Elizabeth City, North Carolina, on July 7, 2016. For the reasons detailed below, this matter is remanded for further proceedings.

## BACKGROUND

Plaintiff, Johannon Smyla, applied for disability insurance benefits and supplemental security income on June 16, 2011, and September 24, 2011, respectively, alleging an onset date of March 29, 2010. [Tr. 13]. His claim was denied initially and upon reconsideration. *Id.* A video hearing was held before an Administrative Law Judge (ALJ) on February 19, 2014, with claimant appearing in Wilmington, North Carolina. The ALJ issued an unfavorable decision for plaintiff on March 12, 2014. [Tr. 13–24]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on May 26, 2015. [Tr. 1]. Plaintiff then sought review in this Court. [DE 5].

Plaintiff was 32 years old on his alleged onset date. [Tr. 25]. Plaintiff has a high school education and past relevant work as a nuclear power reactor operator, electronic sales person, and wind generating electric power installer. [Tr. 23]. Plaintiff has degenerative disc disease/status post lumbar spine fusion and obesity. [Tr. 15].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since March 29, 2010. [Tr. 15]. Next, the ALJ determined that plaintiff's history of degenerative disc disease/status post lumbar spine fusion and obesity were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 17].

The ALJ found that plaintiff was capable of performing sedentary work with only occasionally climbing ramps or stairs, stooping and kneeling but never climbing ladders/ropes/scaffolds, balancing for safety on dangerous surfaces, crawling, crouching, or twisting. [Tr. 18]. Plaintiff was found capable of frequently handling/fingering bilaterally but was cautioned to avoid exposure to hazards such as unprotected heights and dangerous machinery and parts. *Id.* Plaintiff was also limited to simple, routine, repetitive tasks for at least two hours due to pain. *Id.* Plaintiff required a sit/stand option at the work station every 30 minutes to one hour. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 23]. A vocational expert testified that these jobs would include employment as a document preparer, weight tester, and surveillance system monitor. [Tr. 23–24]. Accordingly, the ALJ found that plaintiff was not disabled. [Tr. 24]. Plaintiff now seeks review of this determination.

Plaintiff first argues that the ALJ erred in relying upon physicians' opinions stating plaintiff could perform sedentary and other levels of work without indicating whether those terms as used were synonymous with use of the terms in the Social Security Regulations. [DE 26]. The Court agrees. The Court begins by recognizing that the issues of what an individual's RFC is and whether an individual is disabled are properly reserved to the Commissioner. SSR 96-5p. The Court also recognizes that an ALJ's reliance on physicians' use of words such as "light" or "sedentary" without clarifying how the terms are meant and whether their use by the physician is synonymous with their use in the Social Security Regulations is "troublesome." *See Dozier v. Colvin*, 2016 U.S. Dist. LEXIS 79523, *23–24 (E.D.N.C. May 26, 2015) ("There is no indication that these terms are synonymous with 'light work' under the Regulations . . ."; "The

3

ALJ should have clarified the meaning of the terminology used . . .") (adopted by *Dozier v. Colvin*, 2015 U.S. Dist. LEXIS 78369 (E.D.N.C. June 17, 2015).

Nevertheless, here, the ALJ specifically considered the statements from physicians stating that plaintiff was capable of performing medium, light, and sedentary work, and afforded greatest weight to the finding that plaintiff could do sedentary work. [Tr. 22]. However, the ALJ gave no indication as to the bases for those determinations or how—if at all—they correlate to the meaning of those terms in the Social Security Regulations. *Id.* For example, the ALJ did not include function by function analyses from those physicians to demonstrate that those opinions correspond with the Social Security Regulations' definitions. The potential disconnect in how these terms were used by the physicians and how they are used in the Social Security context can also be seen in one doctor's recommendation that plaintiff can handle "Light level/sedentary work," which, of course, constitute different levels of work in the Social Security context. *See* 20 C.F.R. § 404.1567. For these reasons, the Court finds that the ALJ's reliance on these terms without further support or explanation was in error.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Remand, rather than reversal, is required when the Court is precluded from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required.") (internal quotation marks omitted)). Here, the lack of explanation of terms such as "sedentary" as used by the treating physicians and relied upon by the ALJ precludes meaningful review. Upon remand in the instant matter, the Commissioner is to consider the treating

physician's opinions without relying on their use of the terms discussed above, or, in the alternative, to explain how those conclusions correlate to the use of the terms in the Social Security Regulations or otherwise support the ALJ's decision. Additionally, the Commissioner is to consider whether plaintiff requires breaks to lie down during an eight-hour work day.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED [DE 25], defendant's motion for judgment on the pleadings is DENIED [DE 31], and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this _26_ day of July, 2016.

                                                    TERRENCE W. BOYLE
                                                  UNITED STATES DISTRICT JUDGE